April M. Linscott, ISB #7036
OWENS, McCREA, & LINSCOTT, PLLC
8596 N. Wayne Dr., Ste. A
Hayden, Idaho 83835
Phone: (208) 762-0203
Fax: (208) 762-0303
Email: alinscott@omllaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROSS E. CRAWFORD and JENNIFER CRAWFORD, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>BONNER COUNTY, a political subdivision of the State of Idaho, BONNER COUNTY EMERGENCY MEDICAL SERVICES, a department of Bonner County, State of Idaho, and ROBERT BUSSEY, acting in his official capacity under color of state law as Chief Officer of Bonner County Emergency Medical Services of Bonner County, State of Idaho and individually,<br><br>Defendants. | Case No. 2:17-cv-137<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW the above-entitled Plaintiffs, ROSS E. CRAWFORD and JENNIFER CRAWFORD, by and through their counsel of record, April M. Linscott of Owens, McCrea & Linscott, PLC, and for a cause of action, complain and allege as follows:

**JURISDICTION, VENUE, AND THE PARTIES**

1. This action arises under federal law, particularly Title 42 of the United States Code, Section 1983.

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

2.       This Court has jurisdiction of the cause under the provisions of Title 29 of the United States Code, Section 621, Title 28 of the United States Code, Section 1331, Title 28 of the United States Code, Section 1343(a) and Title 28 of the United States Code, Section 1367.

3.       Venue is proper pursuant to Title 28 of the United States Code, Section 1391(b).

4.       Plaintiffs, Ross E. Crawford and Jennifer Crawford are husband and wife, who at all times relevant to this action resided in Bonner County within the District of Idaho.

5.       Defendant, Bonner County is a political subdivision of the State of Idaho. Among its powers is the power to sue and to be sued.

6.       Defendant, Bonner County Emergency Medical Services is a department of Bonner County. At all times material hereto, Defendants acted under the color of the statutes, customs, ordinances and usage of the County of Bonner, State of Idaho.

7.       Defendant, Robert Bussey, and at all times relevant hereto, was Ross E. Crawford's supervisor, and a resident of Bonner County. Mr. Bussey is being sued in his individual and official capacity.

8.       Plaintiffs claim damages in excess of the minimum jurisdictional amounts necessary to file a civil complaint in the United States District Court for the District of Idaho.

## COMMON ALLEGATIONS

9.       At all times material hereto, Defendants acted under color of state law.

10.      On or about April 25, 2006, Plaintiff Russ E. Crawford ("Mr. Crawford") was hired at Bonner County Emergency Medical Services ("EMS") as an EMT. At the time of the events pertinent to this action, Mr. Crawford was a permanent or classified employee whose employment was not terminable at will.

11. Mr. Crawford was employed pursuant to the Defendants' personnel policies and procedures which provided, among other things, that an employee can only be terminated from his/her position of employment for just cause.

12. That said personnel rules, policies and procedures, constituted a property and liberty interest in Mr. Crawford's position of employment which is protected by state and federal law.

13. Mr. Crawford was evaluated over his years with the EMS as an employee who has performed his duties in either a good or exemplary manner, has received merit pay increases, and has been assigned additional duties from time to time.

14. On November 1, 2016, Mr. Crawford was given a letter of termination. Mr. Crawford requested an appeal hearing to determine whether his termination should be upheld.

15. The separation form which precipitated the letter of termination was signed by Robert Bussey.

16. The EMS office (Robert Bussey) informed Mr. Crawford that he was not entitled to a hearing.

17. Mr. Crawford was terminated in violation of his due process rights and without any pre-termination process or a full and complete post-termination evidentiary hearing with an impartial decision maker. Mr. Crawford was not given a reason for his termination and was not afforded the opportunity to confront his accusers, nor was he able to cross-examine witnesses.

18. The determination to terminate Mr. Crawford's employment was arbitrary, malicious, capricious and without a rational basis, and an abuse of power and discretion.

19. Mr. Crawford has exhausted his administrative remedies.

## COUNT ONE
## VIOLATION OF PLAINTIFF'S SUBSTANTIVE AND PROCEDURAL DUE PROCESS AND LIBERTY PURSUANT TO 42 U.S.C. § 1983

20. Plaintiffs re-allege paragraphs 1 through 19 as if fully set forth herein.

21. That at all times material hereto, Defendant Robert Bussey employed Plaintiff Ross E. Crawford, pursuant to the County's personnel policies and procedures which provided, among other things, that an employee can only be terminated from his/her position of employment for just cause.

22. That the County's personnel policies and procedures constituted a property interest in Plaintiff's position of employment which is protected by state and federal law.

23. Mr. Crawford was denied a meaningful opportunity to be heard prior to his termination.

24. Through his arbitrary, capricious, and retaliatory practices, Mr. Bussey's conduct contravened the doctrine of substantive due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

25. Further, in conjunction with having his property interest destroyed, Mr. Crawford's federally protected liberty interest in maintaining his good name and reputation was also violated without due process of law.

26. Mr. Crawford has suffered damages as a result of Mr. Bussey's conduct in excess of the minimum jurisdictional limits of the District Court. Mr. Crawford has suffered damages in the form of past and future back pay, front pay, emotional distress, medical and mental health care expenses, loss of employee benefit package attendant to his position of employment, including health and retirement benefits, out of pocket costs, attorney's fees and costs, loss of usual activities and loss of reputation.

27. As a result of Mr. Bussey's actions and/or inactions, Plaintiff Jennifer Crawford has suffered from mental anguish, loss of sleep, loss of appetite, headaches, and a loss of companionship, society and comfort with Mr. Crawford in an amount to be proven at trial but which exceeds the minimum jurisdiction limits of the District Court.

## COUNT TWO
## MONELL LIABILITY

28. Plaintiffs re-allege paragraphs 1 through 27 as if fully set forth herein.

29. Defendants Bonner County and Bonner County EMS either adopted an official policy or had a longstanding practice or custom which constitutes a policy or ratified actions, which ratification amounted to a policy in violation of Mr. Crawford's due process rights.

30. Specifically, Bonner County adopted a policy indicating that employees who are not at-will but are for-cause employees are not entitled to pre-termination or post-termination due process. This policy is a violation of constitutional law. Further, Mr. Crawford's wrongful termination, in violation of his constitutional rights, was caused by a person with final policy making authority (i.e. – Mr. Bussey and/or the County Commissioners).

31. Defendants Bonner County and Bonner County EMS failed to train their employees regarding individuals' constitutional due process rights, including Mr. Bussey and others.

32. Defendants' failure to properly train its employees amounts to a deliberate indifference to the rights of persons with whom the Defendant employees came into contact.

33. Had Mr. Bussey been properly trained regarding employees' procedural due process rights, then Mr. Crawford's due process rights would not have been violated.

34. As a result of Defendants' policy's customs and failure to train, Mr. Crawford's constitutional rights were violated.

35. As a result of the violations of Mr. Crawford's constitutional rights, the Plaintiffs have been damaged in an amount to be proven at trial.

## COUNT THREE
## NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiffs re-allege paragraphs 1 through 35 as if fully set forth herein.

37. Defendants' treatment of Mr. Crawford was intentional and/or reckless.

38. Defendants' treatment of Mr. Crawford was extreme and outrageous, and unreasonable such that a discriminatory environment was created and sustained.

39. Defendants' extreme and outrageous conduct proximately caused Mr. Crawford and his wife to suffer emotional harm.

40. Plaintiffs' emotional harm was severe, in that they suffered severe emotional distress, mental anguish, indignation, wounded pride, shame, and despair. Plaintiffs' damages are in excess of the minimum jurisdictional limits of the District Court. Mr. Crawford has suffered damages in the form of past and future back pay, front pay, extreme anxiety, emotional distress, medical and mental health care expenses, loss of employee benefit package attendant to his position of employment, including health and retirement benefits, out of pocket costs, attorney's fees and costs, loss of usual activities and loss of reputation.

41. As a result of the Defendants' actions and/or inactions, Plaintiff Jennifer Crawford has suffered from extreme anxiety, excessive fear, mental anguish, loss of sleep, loss of appetite, headaches, and a loss of companionship, society and comfort with Mr. Crawford in an amount to be proven at trial but which exceeds the minimum jurisdiction limits of the District Court.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury of no less than twelve (12) persons.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendants as follows:

A. For compensatory damages in an amount to be proven at trial in excess of the minimum jurisdictional amounts necessary to file a civil complaint in the United States District Court for the District of Idaho;

B. For statutory damages, including back pay and front pay as allowed by law;

C. For compensatory damages for loss of employment benefits, including health and retirement benefits, in an amount to be proven at trial;

D. For damages related to negligent and intentional infliction of emotional distress;

E. For punitive or exemplary damages;

F. For reasonable attorney fees and costs;

G. For pre-judgment and post-judgment interest as allowable by law; and

H. For such other further relief as the Court deems just and proper.

DATED this 29th day of March, 2017.

OWENS, McCREA & LINSCOTT, PLLC

/s/April M. Linscott
APRIL M. LINSCOTT, ISB#7036
Attorneys for Plaintiffs